## Northumberland County *versus* Zimmerman.

1. The Act of April 12th 1867, for protection of person, &c., in mining regions is constitutional, so far as it provides for appointing police officers and paying the compensation fixed by the governor out of the county treasury.

2. The act requires, that the governor may appoint such officers on the petition of one hundred citizens in the region, &c. *Held,* that a copy of such petition, &c., certified by the secretary of the Commonwealth, with the commission to the officer was evidence of the appointment.

3. Certified copies of all records, &c., in the secretary's office are evidence wherever the original would be.

4. The governor is authorized to commission all officers whose election or appointment is provided by law, and his commission is the proper evidence of election or appointment.

April 1st 1874.     Before AGNEW, C. J., SHARSWOOD, MERCUR, and GORDON, JJ.   WILLIAMS, J., at Nisi Prius.

Error to the Court of Common Pleas of *Northumberland county :* No. 16, to September Term 1873.

This action was commenced before a justice of the peace by Clark B. Zimmerman against the county of Northumberland and was removed July 26th 1867 by appeal into the Court of Common Pleas.

The suit was brought by the plaintiff to recover from the county of Northumberland compensation for services rendered as special policeman for the townships of Coal and Mount Carmel in county of Northumberland; he having been appointed by Governor Geary under the Act of April 12th 1867, Pamph. L. 716, entitled, "An act for the better protection of person, property and life in the mining regions of this Commonwealth."

The act is as follows :—

" WHEREAS, it is alleged that in certain counties, in the mining regions of this Commonwealth, many acts of violence have been committed, on the persons and property of peaceful citizens, causing great insecurity, and frequent destruction of life, and the perpetrators of such outrages and murders have not been brought to punishment,

" Sect. 1.   *Be it enacted*, &c.   That it shall be lawful for the Governor, on the petition of one hundred citizens of any county, in the mining regions of this state, verified by the affidavits of at least twenty such citizens, and other satisfactory proofs, showing that the local authorities of such county are inadequate and insufficient, for the protection of person, property and life, within such county, or any township or portion thereof, the governor is hereby authorized to appoint a marshal of police, and a sufficient number of officers of police, to give adequate protection to the persons and property of the inhabitants of said county, who shall be paid for their services out of the treasury of said county. * * *

[Northumberland County *v.* Zimmerman.]

" Sect. 3. The police officers appointed by this act shall have the like powers and authority as constables for the preservation of the peace and the arrest of offenders against the laws, &c. * * * and also for the execution of criminal process, when directed by the marshal of police, by endorsement on the warrant; and the said police officers shall, in all cases, be subject to the orders of the marshal of police. * * *

" Sect. 5. The governor may make such rules and regulations for the government of the police force authorized by this act, as he may think best adapted to make the force efficient, and may create distinctions in rank, inferior to the marshal, and the officers holding such rank shall be obeyed and respected, as directed by such rules and regulations; and the governor shall, from time to time, fix and determine the rate of compensation, according to their rank, to be paid to the police officers authorized to be appointed by this act, and may direct that any portion of the force shall be employed as a detective police, and shall have power to direct that the said force shall be armed and equipped in such a manner as to render them the most efficient in carrying into full effect the intentions of this act; and the expenses of such arming and equipping shall be paid by said county out of its treasury. * * *

" Sect. 7. It shall be lawful for the police appointed under this act, in the execution of their duties, to enter any county adjoining the county in which the commission of the offence may occur, in pursuit of the offender, and to make the arrest in such adjoining county, with the same power and authority as in the county in which the offence was committed." * * *

The cause was tried April 7th 1873, before Elwell, P. J., of the 26th district.

· The plaintiff offered in evidence a certified copy by the secretary of the Commonwealth of a petition of 166 citizens of the county of Northumberland praying the governor to appoint police officers under above-stated act, accompanied by the affidavit of May 11th 1867, of twenty citizens to the truth of the statements set out in the petition.

The offer was objected to by the defendant because there was no authority by law for the secretary of the Commonwealth to certify copies of such documents.

The offer was received and a bill of exceptions sealed.

The petition and affidavit which were as stated in the offer, were then given in evidence.

The plaintiff then offered in evidence the commission dated April 12th 1867, issued to Joseph Heisler as marshal of police of Schuylkill county, to be followed by the certificate of the secretary of the Commonwealth of May 2d 1867, that Heisler was appointed marshal of police for Schuylkill county; that his jurisdiction was extended to Coal and Mount Carmel townships in Northum-

[Northumberland County *v.* Zimmerman.]

berland county; to be followed by a letter from Governor Geary, extending Heisler's jurisdiction to those townships and declaring that the police officers, including the plaintiff, named in the letter were to act as police officers in Northumberland county under the same rules as governed similar officers in Schuylkill county; and a certificate of. the secretary of the Commonwealth of March 31st 1870, that the.rate of compensation fixed by the governor to be paid to the police officers of Coal and Mount Carmel townships was $75 per month; a certified copy of a letter from the governor, dated May 1st 1867, directing that all the police officers acting under Marshal Heisler should receive $75 per month; that Heisler acted as marshal for those townships, and the plaintiff after having been commissioned, acted as a police officer for one month; also further to show by parol testimony that Heisler was authorized by Governor Geary to inform the police officers of Coal and Mount Carmel, that he had fixed their salary at $75 per month; that Heisler delivered to the plaintiff with his commission, the letter of Gov. Geary of May 1st 1867, and a copy of the rules governing these police officers.

The defendant objected to the admission of Heisler's commission; because it was irrelevant, as it gives him no power to act in Northumberland county. Defendant objected to certificate of May 2d of the secretary of the Commonwealth, because the governor had no authority to extend Heisler's jurisdiction to Coal and Mt. Carmel townships; because the paper does not purport to be a copy of any record in the secretary's office. Defendant objected to the governor's letter of May 21st 1867, because he had no authority to extend Heisler's jurisdiction to Coal and Mount Carmel townships; because it does not purport to be an official act by him as governor; that its statement that certificates had been issued, is not evidence and the governor had no authority to appoint special policemen for townships in Northumberland county. Defendant objected to the certificate of March 31st 1870, that the governor had fixed the compensation, &c., because it does not purport to be a copy of any record, &c., in the secretary's office, but merely an act of the governor three years previously. Defendant objected to the copy of letter of May 1st 1867, because it is addressed to Heisler as marshal of Schuylkill county and is dated twenty days before the application for the appointment of police officers in Northumberland county; and before the extension of Heisler's jurisdiction into Northumberland county; and to the commission because the governor had no authority to appoint police officers for the townships of Coal and Mount Carmel.

By the Court: "The certificates of the deputy secretary of the Commonwealth, dated respectively May 31st 1867 and May 2d 1867, and also that part of the parol evidence as to what the governor said to Mr. Heisler in regard to the salary, is rejected. 2d, the

[Northumberland County *v.* Zimmerman.]

objections to all other portions of the offer are overruled and the evidence admitted."

A bill of exceptions was sealed for defendant.

The plaintiff read the commission from Governor Geary to Heisler, dated April 23d 1867, reciting the Act of April 12th 1867; the petition and affidavit of citizens of Schuylkill county as required by the act, and appointing Heisler marshal of police of Schuylkill county.

Circular letter dated May 1st 1867, from the governor to Heisler, instructing him that all the policemen under him were to be of equal rank and receive as compensation $75 per month; also rules of same date from Heisler to police officers.

Commission May 21st 1867 to plaintiff reciting the Act of April 12th 1867 and the proper petition and affidavit, and appointing him an officer of police for the townships of Mount Carmel and Coal, in the county of Northumberland.

Letter of same date from the governor to Heisler informing him of the appointment of the plaintiff and others as police officers for Mount Carmel and Coal townships and extending Heisler's jurisdiction as marshal to those townships.

Heisler testified: that he received a letter from the governor when he received plaintiff's commission, that he had lost or mislaid it, had made diligent search for it and not been able to find it.

The plaintiff proposed to ask the witness whether by the letter the governor had fixed the salaries of the police, and whether that was communicated to the plaintiff by the witness when he delivered his commission to him.

Defendant objected to the offer, because the act of the governor fixing the salary should be proved by a copy from the record in the office of the secretary of the Commonwealth;—the letter would not be the best evidence of the governor's official act.

The offer was admitted and a bill of exceptions sealed.

The witness said the contents were, that the compensation to police officers for Northumberland county should be $75 per month, and they should be under the same rules as those of Schuylkill county. Witness further testified:—that the plaintiff commenced acting shortly after receiving his commission and served more than a month;—that he and the other police officers demanded their pay from the commissioners of Northumberland county, they refused, saying there was no provision for their pay.

Plaintiff testified as to his serving as police officer, the time he served, the demand from the commissioners and their refusal; his receiving his commission, the governor's printed circular, &c., in a sealed official envelope from the secretary of the Commonwealth, by the hands of Heisler.

Judge Elwell instructed the jury that the Act of April 12th

[Northumberland County *v.* Zimmerman.]

1867 was constitutional; and after referring to the application of the citizens of Mount Carmel and Coal under the act, he said:—

* * * "On the same day the governor appointed and commissioned the plaintiff as such police officer for said townships, and by letter extended the jurisdiction of Joseph Heisler, who had been before appointed marshal of police for Schuylkill county, to the townships before mentioned in this county. The law requires no particular form of appointment—anything which indicates the selection of the governor is sufficient for the purpose. The extension of the jurisdiction of Marshal Heisler was equivalent to, and in fact was an appointment. But it is argued by counsel for defendant that the appointment of these officers as expressed for Mount Carmel and Coal townships was invalid, and conferred no authority upon them, and that the county is not liable to compensate them for their services. We have reserved the question for further consideration, but now charge you *pro forma* that the appointment of the plaintiff is to be considered by you as a valid appointment, entitling him to the compensation provided by the statute for services rendered. The question of fact for your consideration are these:

"1. Did the governor fix the amount of compensation to be paid to the police officers in Northumberland county at seventy-five dollars per month?

" 2. Did the plaintiff render one month's service before bringing this suit? and,

" 3. Did he present his bill and demand payment before bringing suit?

The judge then referred to portions of the evidence.

* * * "I may call your attention to that part of Heisler's testimony in which he stated that he was directed by the governor to inform the plaintiff as to the amount of compensation he was to receive. The declaration of the governor accompanying the delivering of the commission, made for the purpose of being communicated to the plaintiff, is entitled to be taken into consideration in deciding the question.

* * * "In conclusion we say to you that if you find the three propositions or inquiries above stated, in the affirmative, the plaintiff is entitled to recover the sum of seventy-five dollars with interest from such time as you see proper to allow it. But if the salary was not fixed by the governor, or if the plaintiff did not serve as claimed or did not demand payment before suit was brought, the verdict should be for the defendant."

The reserved question was: "Whether the appointment of the plaintiff, by the governor, as a police officer, under the Act of the 12th of April 1867, was such as renders the county of Northumberland liable for services as such officer."

The jury found for the plaintiff $100.99, and the court afterwards

[Northumberland County *v.* Zimmerman.]

entered judgment on the verdict for the plaintiff on the reserved question.

The defendant sued out a writ of error and, in eight specifications, assigned for error the decisions of the court on the questions of evidence and the charge. The substance of the exceptions being stated in the opinion of the Supreme Court, it is not necessary to give them in detail.

*W. A. Sober* and *J. B. Packer* (with whom were *S. Malick* and *G. W. Ziegler*), for plaintiffs in error: on the question of the constitutionality of the act cited Sharpless *v.* Philadelphia, 9 Harris 167; Washington Avenue, 19 P. F. Smith 352; Kelly *v.* Marshall, Id. 319; Durach's Appeal, 12 Id. 491; Hammett *v.* Philadelphia, 15 Id. 146. Counties possess no legislative powers: Kittanning Academy *v.* Brown, 5 Wright 269; Lehigh Co. *v.* Kleckner, 5 W. & S. 181; Vankirk *v.* Clark, 16 S. & R. 286; Act of April 15th 1834, sect. 3, Pamph. L. 538, 1 Br. Purd. 295, pl. 3. As to power of counties to contract, &c.: Comm'th *v.* Philadelphia, 2 S. & R. 193; Cooper *v.* Lampeter Township, 8 Watts 125; County *v.* Bridenhart, 4 Harris 458; Raush *v.* Ward, 8 Wright 389; Curtis *v.* Allegheny, 1 Phila. R. 237; Commmissioners of Lycoming *v.* Lycoming County, 10 Wright 496.

*L. H. Kase* and *S. P. Wolverton*, for defendant in error: as to the constitutionality of the law cited Durach's Appeal, 12 P. F. Smith 493; Burns *v.* Clarion Co., Id. 425; Sharpless *v.* Mayor of Philadelphia, 9 Harris 172. The payment of the expenses for the special protection of a municipality is properly to be made by it: Philadelphia *v.* Field, 8 P. F. Smith 325; Thomas *v.* Leland, 24 Wend. 65; Norwich *v.* Com'rs of Hampshire, 13 Pick. 60; Hingham & Q. Bridge Co. *v.* Norfolk County, 6 Allen 353; Sedgwick on Const. 554; Kirby *v.* Shaw, 7 Harris 260; Erie *v.* Erie Canal, 9 P. F. Smith 176. A law to be invalid must be clearly forbidden: Satterlee *v.* Matthewson, 2 Peters 380; Fletcher *v.* Peck, 6 Cranch 87; Calder *v.* Bull, 3 Dallas 386; Norris *v.* Clymer, 2 Barr 285; Comm'th *v.* McCloskey, 2 Rawle 374.

The opinion of the court was delivered, May 11th 1874, by

SHARSWOOD, J.—There are eight assignments of error, but the questions involved in the decision of the case are so much intermixed in these assignments that it will not be convenient to discuss them seriatim but rather to consider these questions: They are, first: Was the Act of Assembly entitled "An act for the better protection of person, property and life in the mining region of this Commonwealth," approved April 12th 1867, Pamph. L. 76, so far as it provides for the appointment of police officers to preserve the peace, and for their payment at the rate of compensation fixed by

25 P. F. SMITH—3

[Northumberland County *v.* Zimmerman.]

the governor out of the county treasury, a constitutional exercise of legislative power? We limit the question in this way, because in this case, which is an action by one of the police officers against the county to recover the compensation fixed for his services, we have nothing to do with the legality of all the powers conferred upon the police officers by the act. Some of these powers may be unconstitutional. In an action of trespass against the officers for the exercise of such unconstitutional powers, that question might arise. But surely if in any aspect the officers were legal they are entitled to compensation. Certainly the preservation of the peace is the great object of government. The Constitution provided for a sheriff, coroner, &c., in each county. These officers were to be selected by the people. But the creation of other peace officers was not expressedly or impliedly prohibited, and no one has ever supposed that it was not entirely competent for the legislature to create such officers and to provide for their appointment in any manner they might deem proper, and to fix their compensation and provide for their payment, either by salaries or fees. Constables were not provided for in the Constitution, nor the deputies and bailiffs of the sheriffs, yet unquestionably they are peace officers. The Constitution nowhere declared the sheriff to be the only officer who could call out the posse comitatus to suppress a riot. Beyond all question the governor could do so as the supreme executive magistrate. He was commander-in-chief of the army and navy of the Commonwealth and of the militia, and when the posse comitatus of any particular county was insufficient for the purpose he could command the military power of the state to suppress disturbance and maintain order and law in any particular district. No one has ever hinted that it was not in the constitutional power of the legislature to invest the municipal authorities of cities and boroughs with the right to appoint police officers, with all the powers pertaining to preservation of the peace. The learned judge below in his charge to the jury disposed of this question in the most simple and conclusive manner. The legislature has the same right to provide for the payment of special peace officers by a county as it has to provide for the payment of constables, or expenses incurred in trying and punishing offenders by process in the Quarter Sessions. We have never heard it urged as a reason why a county should not be liable to defray such expenses because the offence was committed in a township especially interested in bringing the offender to punishment. That the powers confided to the governor to appoint these officers and to determine their compensation might be abused is not a valid argument against the powers themselves. To invalidate them some clause of the Constitution must be pointed out with which they conflict; and this the learned counsel for the plaintiff in error has failed to do.

The second question is, was the evidence adduced competent to

[Northumberland County v. Zimmerman.]

go to the jury to show that the case provided for by the act had arisen and that the governor had exercised the powers confided to him ? The act declares that " it shall be lawful for the governor of this Commonwealth, on the petition of one hundred citizens of any county in the mining region of this state, verified by the affidavits of at least twenty such citizens and other satisfactory proofs showing that the local authorities of such county are inadequate and insufficient for the protection of persons, property and life within such county or any township or portion thereof, to appoint a marshal of police and a sufficient number of officers of police, &c." The evidence offered and admitted was a certified copy from the office of the secretary of the Commonwealth of a petition of one hundred and sixty citizens of the county of Northumberland, praying the governor to appoint police officers, with an affidavit of twenty of the number of the truth of the facts therein stated. This offer was made in connection with the original commission issued to the plaintiff below as a police officer by the governor. The first part of the offer was objected to because there is no law authorizing the secretary of the Commonwealth to certify exemplified copies of documents like this. But the counsel in making this objection must certainly have overlooked the Act of March 31st 1823, 8 Smith's L. 144, Pamph. L. 233, " An act making copies of certain documents, records and papers evidence in courts of justice." It enacts " that copies of all records, documents and papers, in the offices of the secretary of the Commonwealth, secretary of the land office, surveyor-general, auditor-general and state treasurer, when duly certified by the officers of the said offices respectively, shall be received in evidence in the several courts of this Commonwealth in all cases where the original records, documents and papers would be admitted in evidence." The objection made to the admission of the plaintiff's commission was because there was no authority in law for issuing such a commission. But the Constitution, Art. VI. Sect. V., declared that " all commissions shall be in the name and by the authority of the Commonwealth of Pennsylvania, and be sealed with the state seal and signed by the governor." The governor is unquestionably authorized to issue commissions to all officers whose election or appointment is provided by law and his commission under the great seal is the formal and proper evidence of the election or appointment.

The third question is whether the governor had a right to extend the jurisdiction of Marshal Heisler, who had been previously appointed marshal of police of Schuylkill county, so as to include Northumberland county ? But what had that to do with the claim of Clark B. Zimmerman, duly commissioned to be an officer of police in and for the townships of Mount Carmel and Coal, or his compensation as such officer in the county of Northumberland ?

[Northumberland County *v.* Zimmerman.]

The invalidity of Mr. Heisler's appointment did not affect the plaintiff. If the question had arisen on the legality of an arrest or other act done under the authority of Marshal Heisler, such a question might arise, but certainly not so as to destroy or injure Zimmerman's claim to be paid for lawful services, as far as appeared under the law.

The fourth question is whether there was competent evidence that the governor had fixed the plaintiff's compensation, as by the act he was empowered to do? Upon this point it is enough to say, that a copy of the letter of the governor duly certified from the office of the secretary of the Commonwealth addressed to Marshal Heisler, dated May 1st 1867, informs him that the police appointed under him were to receive compensation at the rate of seventy-five dollars per month. This was an official letter, and under the Act of 1823 the certified copy was clearly evidence. In the letter of May 21st 1868 from the governor to Marshal Heisler, informing him of the appointment of the plaintiff and others as special policemen for the townships of Coal and Mount Carmel, Northumberland county, it is said " These officers will act under the same rules as now govern those appointed by me for Schuylkill county." In addition to this, according to the testimony of Marshal Heisler, the governor gave to him or forwarded with the commission of the plaintiff and others, a letter now lost or mislaid, in which it was stated that the police officers in Northumberland county were to receive the same pay and be under the same regulations as those in Schuylkill county. The parol evidence of declarations by the governor was rejected by the learned judge, and when he spoke in his charge of the declarations of the governor accompanying the delivery of the commission he must in all fairness be taken to have referred to the lost letter, and not to evidence offered but which he had himself ruled out.

The determination of these questions against the plaintiff in error dispose, we think, of all the assignments.

Judgment affirmed.