# BROOKS *v.* MISSOURI.

## ERROR TO THE SUPREME COURT OF THE STATE OF MISSOURI.

Submitted January 9, 1888. — Decided January 23, 1888.

Applying to this case the rules stated in *Spies* v. *Illinois*, 123 U. S. 131, that "to give this court jurisdiction under § 709 Rev. Stat. because of the denial by a state court of any title, right, privilege or immunity claimed under the Constitution, or any treaty or statute of the United States, it must appear on the record that such title, right, privilege or immunity was 'specially set up or claimed' at the proper time and in the proper way;" that "to be reviewable here the decision must be against the right so set up or claimed;" and that "as the Supreme Court of the State was reviewing the decision of the trial court, it must appear that the claim was made in that court," it appears that at the trial of the plaintiff in error, no title, right, privilege or immunity under the Constitution, laws or treaties of the United States were specially set up or claimed in the trial court.

When the highest appellate court of a State disposes of a question supposed to arise under the Constitution of the United States without a direct decision, and in a way that is decisive of it, and which is not repugnant to the Constitution of the United States, and upon a ground which was not evasive, but real, then the decision of the alleged federal question was not necessary to the judgment rendered, and consequently this court has no jurisdiction over the judgment.

MOTION TO DISMISS. The plaintiff in error was indicted for murder, tried and convicted, in the State of Missouri. On appeal to the Supreme Court of that State the judgment in the trial court was affirmed. The federal questions which were supposed to arise in the case are stated in the opinion of the court.

*Mr. B. G. Boone*, Attorney General of the State of Missouri for the motion.

*Mr. P. W. Fauntleroy*, with whom was *Mr. John I. Martin*, opposing.

MR. CHIEF JUSTICE WAITE delivered the opinion of the court.

In *Spies* v. *Illinois*, 123 U. S. 131, 181, it was said that "to give us jurisdiction under § 709 of the Revised Statutes be-

cause of a denial by a state court of any title, right, privilege, or immunity claimed under the Constitution, or any treaty or statute of the United States, it must appear on the record that such title, right, privilege, or immunity was 'specially set up or claimed' at the proper time in the proper way. To be reviewable here the decision must be against the right so *set up or claimed.* As the Supreme Court of the State was reviewing the decision of the trial court, it must appear that the claim was made in that court, because the Supreme Court was only authorized to review the judgment for errors committed there, and we can do no more."

Applying that rule to this case, we find that at the trial no title, right, privilege, or immunity was specially set up or claimed under the Constitution, laws, or treaties of the United States. Thus, when the testimony of McCullough was offered, the admission of which is now assigned for error, the objection made was not that its admission would be a violation of any provision of the Constitution or laws of the United States, but because it was "incompetent and irrelevant," coming as it did from a man who, by his conduct in procuring the statements from the defendant as to which it was proposed he should testify, had shown himself to be "unworthy of belief in a court of justice," and because "the witness has shown that he held out an inducement, a promise, to the defendant for his statement, which renders it incompetent."

And so in respect to the ruling on the motion to quash the indictment, and to discharge the defendant from arrest, the only objection was, "that said indictment, proceedings, imprisonment, and restraint are illegal and unlawful, and in violation of the Constitution and laws of the State of Missouri, and without any due process of law or lawful authority whatsoever." The particular provisions of the constitution of the State now relied on in support of this assignment of error are § 11 of the Bill of Rights, to the effect that "no warrant to . . . seize any person . . . shall issue without probable cause, supported by oath or affirmation reduced to writing;" and § 12, "that no person shall, for a felony, be proceeded against criminally, otherwise than by indictment."

Another of the assignments of error is, that the court instructed the jury that they might find the defendant guilty of murder in the first degree if they were satisfied from the evidence that he did kill and murder the person named in the indictment "in the manner and form charged in either of the counts," when one of the counts was bad. As presented to the trial court at the time, the question involved in this part of the charge was one of general law only, and not in any manner dependent upon the Constitution or laws of the United States.

The same is true of the instruction that the jury were to be governed by the law as given them in charge by the court, and of the refusal to allow counsel to read in his argument parts of the opinion of the Supreme Court of the State, in a case decided by that court, which, as was claimed, stated correctly the legal principles bearing upon a part of the defence. No reference was made to any provision of the Constitution or laws of the United States which gave to the defendant any rights in this behalf.

In the progress of the trial, counsel for the defendant addressed the court as follows: "If the court please, we learn that there are two men stationed at the door, who refuse to admit any one who is not a juror or witness or officer or some one having business in the court-room. We object to that. We claim this is a public court-room, and the trial should be public, and the public ought to be admitted. We understand that they are there by order of the court." Upon this statement permission was asked "to introduce proof to show that, during the whole day of yesterday, and so far to-day, up to this time to-day, that a deputy sheriff and a police officer have been stationed at the door of the court-room, who refuse, who have refused to admit any one to the court-room unless they were jurors or witnesses or have some business with the court." The court refused this permission, but did direct "that all persons be admitted to the court-room until it is filled, all the seats are filled, reserving the right to the attorneys for the State and the defendant to bring within the bar such persons as the court may permit, giving preference to jurors who have

been summoned here to be seated in the front seats outside of the bar." To this ruling exception was taken, and it is assigned here as one of the errors on which our jurisdiction may rest. No reliance seems to have been placed in the trial court upon any federal law, and here § 22 of the Bill of Rights of the Missouri Constitution is alone cited as supporting the objection which was made. That section provides that "in criminal prosecutions the accused shall have the right to a speedy public trial by an impartial jury of the county."

Others of the exceptions taken at the trial relate to rulings by means of which, it is claimed, the defendant was deprived of an impartial jury; but it does not appear to have been claimed that any provision of the Constitution of the United States guaranteed to him such a jury. That the Sixth Article of the Amendments contains no such guaranty as to trials in the state courts has always been held. *Spies v. Illinois*, 123 U. S. 131, 166, and the cases there cited.

These are all the assignments of error which relate to the rulings in the progress of the trial, and they fail entirely to present any questions of federal law for our consideration. So far as appears, the trial court in its decisions was governed exclusively by the constitution and laws of the State, and the Supreme Court in its opinion on this part of the case, which is in the record, makes no mention whatever of any claim of right under the Constitution or laws of the United States.

Section 1967 of the Revised Statutes of Missouri (1879), relating to crimes and criminal procedure, is as follows:

"The motion for a new trial shall be in writing, and must set forth the grounds or causes therefor, and be filed before judgment, and within four days after the return of the verdict or finding of the court, and shall be heard and determined in the same manner as motions for new trials in civil cases."

The verdict was rendered June 5, 1886, and on the 9th of that month, before judgment was entered, the defendant filed a motion for a new trial. Afterwards, on the 17th of June, he presented and asked leave to file a supplemental motion for a new trial, setting up the following additional reason:

"1. Because Jesse F. Sears, one of the jurors who sat upon

the trial of this cause, upon his examination on the *voir dire*, purposely and untruthfully answered the questions asked him by counsel for the State and the defence in such a manner as to indicate and cause said counsel to believe, and in such a manner that the defendant and his counsel did believe, he was a fair and impartial juror, and one who had no prejudice or bias in the case, and who had neither formed nor expressed any opinion as to the guilt or innocence of the accused, and thereby induced the defendant to accept him as a qualified juror in the case, whereas in truth and in fact said juror was not a fair and impartial juror, and he had a prejudice and bias against the defendant herein and had prior to his said examination upon his *voir dire* on many occasions expressed his opinion and declared that Maxwell, the above named defendant, was guilty of murdering his companion, Preller, and that he ought to be hung and would be hung, and that hanging was too good for him, and other similar expressions, all of which was by said juror improperly and wrongfully concealed upon his examination upon his *voir dire*, and only came to the knowledge or hearing of the said defendant or either of his counsel long after the rendition of the verdict herein, and also after the filing of the first or original motion for a new trial herein, and after the expiration of the four days allowed by statute within which to file a motion for a new trial."

In support of this motion the defendant presented the affidavits of four persons to the effect that they had each, on different occasions, heard the juror referred to express opinions of the character of those alleged, and also the affidavits of the defendant and his counsel that they had neither of them any "knowledge, idea, suspicion, or intimation" of the "facts set out and stated" in the other affidavits until "after the expiration of the four days allowed by the statute within which to file a motion for a new trial."

The record then states that the motion for leave to "file said supplemental motion for a new trial and the aforesaid affidavits" was argued, and that "in this argument counsel for the defendant contended and made the point that if the statute declaring that in criminal cases a motion for a new

trial with the reasons therefor must be filed within four days after verdict, prevented the court from hearing the aforesaid supplemental motion for a new trial and the affidavits offered therewith and the matters and facts therein stated, and from granting defendant a new trial upon said facts if found to be true, then said statute was null and void as being in violation of the constitution of the State of Missouri and of that of the United States, especially those provisions of the state constitution declaring that 'in criminal prosecutions the accused shall have the right to . . . a speedy, public trial by an impartial jury of the county,' and that 'no person shall be deprived of life, liberty, or property without due process of law;' and those provisions of the United States Constitution which declare as follows, to wit: 'Nor shall any State deprive any person of life, liberty, or property without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws.'"

The court, after taking the matter under advisement, overruled the motion "on the ground that the court had no power or right under the statute to grant said request."

Upon this branch of the case the Supreme Court, according to its opinion in the record, ruled as follows:

"This statute is mandatory, and, according to the uniform ruling of this court since the case of *Allen & Dougherty* v. *Brown*, 5 Missouri, 323, a refusal to grant a new trial on a motion made more than four days after the trial is not error, and it has been further held, that, unless it affirmatively appears by the record that the motion for a new trial was filed within four days after trial, this court will not consider the question it presents. *Welsh* v. *City of St. Louis*, 73 Missouri, 71; *Moran* v. *January*, 52 Missouri, 523, and cases cited. In the case of *State* v. *Marshall*, 36 Missouri, 400, when defendant was convicted of murder in the first degree, it is said: 'No exceptions will be noticed here when no motion for a new trial has been made, or, what is the same thing, when none is made within the time prescribed by law.' If authority is to be found putting it in the discretion of the court to authorize the filing of a supplemental motion for new trial in view of

the time the court gave defendant to make proof of the matter set up in the motion which was filed in time, and in view of the length of time consumed in the trial, we would be unwilling to say that the court exercised its discretion arbitrarily in refusing such an application."

It thus appears that, while upholding the statute, the court also put its decision on another ground which was equally conclusive against the defendant, to wit, that even if the trial court could, in its discretion, allow the additional reason for a new trial to be presented after the expiration of the four days, there had been no such abuse of that discretion in this case as would justify a reversal of the judgment on that account. That part of the decision is certainly not repugnant to any provision of the Constitution or laws of the United States, and it is of itself conclusive. It was fairly presented and necessarily involved in the case. It disposed of the supposed constitutional question presented in the argument without a direct decision, upon a ground which cannot be reviewed by us, and which was not evasive merely but real. *Chouteau* v. *Gibson*, 111 U. S. 200; *Adams County* v. *Burlington & Missouri Railroad*, 112 U. S. 123, 126, 127; *Chapman* v. *Goodnow*, 123 U. S. 540, 548. Such being the case, the decision of the alleged federal question was not necessary to the judgment rendered, and consequently is not sufficient to give us jurisdiction. *Murdock* v. *Memphis*, 20 Wall. 590, 636.

*The motion to dismiss is granted.*