Marshall, C. J.
 

 This cause was filed in this court on June 23,1928. Three separate proceedings were begun on that date, to wit., a motion for leave to file petition in error, a motion to certify the record, and the filing a petition in error as of right, alleging constitutional grounds of error. The motion to certify and the motion for leave to file petition in error are overruled:
 

 A motion has been filed to dismiss the petition in error on the ground that there is no debatable constitutional question involved. The petition in error sets forth three assignments of error. We are, however, only concerned with the assignments purporting to raise constitutional questions, as follows:
 

 (a) Plaintiff in error was denied a jury trial, in violation of Article I, Sections 5 and 10, of the Constitution of Ohio.
 

 (b) The mayor of Oak Hill, Ohio, was without jurisdiction to try plaintiff in error, and his purported exercise of jurisdiction deprived plaintiff in error of liberty and property in violation of Article XIV, Section 1, of the Constitution of the United States.
 

 (c) General Code, Section 6212-18, violates Section 1 of the Fourteenth Amendment to the Constitution of the United States.
 

 (d) General Code, Sections 1746, 4550, 3019, 6212-15, 6212-17, 6212-18, 6212-19, 6212-37, and other sections affecting the trial of liquor cases before mayors, violate Section 1 of the Fourteenth Amendment to the Constitution of the United States.
 

 
 *351
 
 This cause was first tried before the mayor of the village of Oak Hill iu Jackson county, Ohio, on March 5, 1926. At the opening of the trial, the following colloquy occurred between court and counsel.
 

 By Mr. McGhee: We demand a jury trial, as guaranteed by the Constitution of Ohio and the Constitution of the United States.
 

 By the Court: The law says there will be no jury trial in this kind of a case.
 

 By Mr. McGhee: We have a right to save the question.
 

 By the Court: That’s all right. Motion overruled.
 

 Thereupon the trial proceeded in the usual way, without further objection and without any objection having been at any time made in the'mayor’s court to his jurisdiction to hear and determine the cause. The defendant was found guilty and a fine imposed, and thereupon error was prosecuted to the court of common pleas of Jackson county. The petition in error in the court of common pleas alleged the usual assignments of error relating to the admission and rejection of evidence, the weight of the evidence, and the sufficiency of the complaint, and the followixig assignment:
 

 ‘ ‘ The court erred in refusing to grant unto the defendant below the right of trial by jury, demanded by the defendant and guaranteed to him by the Constitution of the United States and the state of Ohio, to which ruling of the court in refusing to grant the defendant below a jury trial, the defendant at the time excepted.”
 

 No objection was at any time made in the court of common pleas to the jurisdiction of the mayor over
 
 *352
 
 the cause or his right to hear and determine it. The court of common pleas affirmed the judgment of the mayor. Thereupon error was prosecuted to the Court of Appeals of Jackson county, and the cause was docketed in that court November, 1926. The petition in error filed in the Court of Appeals was practically identical with that filed in the court of common pleas, and did not challenge the jurisdiction of the mayor or urge any question of due process of law. At a later date, on March 16, 1927, the cause was orally argued in the Court of Appeals, and the question of the jurisdiction of the mayor’s court was raised for the first time. The Court of Appeals affirmed the judgments of the mayor and of the court of common pleas.
 

 Any question reaching to the jurisdiction of the trial court over the subject-matter of the action need not be raised in the trial court, but could be urged at any step of the proceedings through courts' of review, but it is apparent that we are not dealing with any such question in the instant case. It is. equally well settled by the case
 
 Tumey
 
 v.
 
 State of
 
 Ohio, 273 U. S., 510, 47 S. Ct., 437, 71 L. Ed., 749, 50 A. L. R., 1243, that any objection to the trial court or magistrate touching his qualification to hear and determine the cause, if specifically urged at the beginning of the trial, and facts shown to establish such disqualification, would be a violation of the Fourteenth Federal Amendment, as denying due process of law. No objection was at any time made to the mayor, but a demand was made that a jury be impaneled, on the alleged ground that a right of jury trial was guaranteed by the State and Federal Constitutions. Whether or not there was any objection
 
 *353
 
 to the mayor touching his disqualification there would nevertheless be a denial of due process if the right of jury trial is guaranteed, and demand made and refused. The right of jury trial was demanded at the inception of the trial, and its denial is still being urged in this court as one of the assignments of error in the petition in error. We are, however, assured by counsel for plaintiff in error in this court that this ground is not tenable and’is not being insisted upon. Since it is not being insisted upon, our decision is not being predicated upon that, feature of the case, and yet it might not be out of place in passing to point out the state of the law on that subject and authorities in support thereof.
 

 Questions of due process arising under the Fourteenth Federal Amendment should have their final solution in the Supreme Court of the United States, and we therefore point out some of the eases which have held that the right of trial by jury is not a necessary requisite of due process of law.
 
 Montana Co.
 
 v.
 
 St. Louis Mining & Milling Co.,
 
 152 U. S., 160, 171, 14 S. Ct., 506, 38 L. Ed., 398;
 
 Ex parte Wall,
 
 107 U. S., 265, 289, 2 S. Ct., 569, 27 L. Ed., 552;
 
 Davidson
 
 v.
 
 New Orleans,
 
 96 U. S., 97, 101, 105, 24 L. Ed., 616;
 
 Walker
 
 v.
 
 Sauvinet,
 
 92 U. S., 90, 92, 93, 23 L. Ed., 678;
 
 Kennard
 
 v.
 
 Louisiana, ex rel. Morgan,
 
 92 U. S., 480, 23 L. Ed., 478;
 
 Maxwell
 
 v.
 
 Dow,
 
 176 U. S., 581, 584, 20 S. Ct., 448, 494, 44 L. Ed., 597.
 

 This proposition is very concisely stated by Mr. Justice White in
 
 Iowa Central Ry. Co.
 
 v.
 
 Iowa,
 
 160 U. S., 389, 16 S. Ct., 344, 40 L. Ed., 467. From the opinion, at page 394 (16 S. Ct., 345), we quote:
 

 “It was not a denial of a right protected by the Constitution of the United States to refuse a jury
 
 *354
 
 trial, even though it were clearly erroneous to construe the laws of the State as justifying the refusal. ’ ’
 

 Mr. Justice White cites
 
 Brooks
 
 v.
 
 Missouri,
 
 124 U. S., 394, 8 S. Ct., 443, 31 L. Ed., 454, and
 
 Spies
 
 v.
 
 Illinois,
 
 123 U. S., 131, 166, 8 S. Ct., 22, 31 L. Ed., 80. In the opinion by Mr. Chief Justice Waite, in
 
 Brooks
 
 v.
 
 Missouri,
 
 at page 397 of 124 U. S. (8 S. Ct., 444), the Chief Justice states:
 

 ‘ ‘ Others of the exceptions taken at the trial relate to rulings by means of which, it is claimed, the defendant was deprived of an impartial jury; but it does not appear to have been claimed that any provision of the Constitution of the United States guaranteed to him such a jury. That the Sixth Article of the Amendments contains no such guaranty as to trials in the state courts has always been held.”
 

 In
 
 Spies
 
 v.
 
 Illinois,
 
 Mr. Chief Justice Waite again wrote the opinion, and at page 168 of 123 U. S. (8 S. Ct., 25) made the following observation:
 

 * ‘ The complaint is that the trial court, acting under this statute and in accordance with its requirements, compelled the petitioners against their will to submit to a trial by a jury that was not impartial, and thus deprived them of one of the fundamental rights which they had as citizens of the United States under the National Constitution, and if the sentence of the court is carried into execution they will be deprived of their lives without due process of law.”
 

 He then cited and quoted from numerous authorities, and reached the conclusion that no federal question was presented. The language of the court is equally cogent in the case of
 
 Maxwell
 
 v.
 
 Dow,
 
 176
 
 *355
 
 U. S., 581, 603, 20 S. Ct., 448, 457 (44 L. Ed., 597), where it is stated:
 

 “Trial by jury has never been affirmed to be a necessary requisite of due process.”
 

 At page 596 (20 S. Ct., 448) of the same opinion it is stated that the nature and character of right of trial by jury are the same in a criminal prosecution as in a civil action.
 

 It is apparent that the cases in 123 and 124 U. S. Eeports must be decisive of the instant case on the question of the right of trial by jury reaching to the due process provisions of the Fourteenth Federal Amendment. To deny an impartial jury would be quite as serious as to deny the right of trial by jury altogether.
 

 Inasmuch as counsel are not now insisting upon the refusal of the right of jury trial as a ground of want of due process, and inasmuch as we are not predicating our judgment upon that question, nothing further need be said on that point.
 

 It is particularly stated by counsel for plaintiff in error that they desire a review of the principles decided by this court in the case of
 
 Tari
 
 v.
 
 State,
 
 117 Ohio St., 481, 159 N. E., 594, and, more particularly, because this court in that case did not hold that the statutes under which the mayor’s court exercised jurisdiction are unconstitutional. This court did so hold in the
 
 Tari case,
 
 and at the same time declared that the Supreme Court of the United States in the
 
 Turney case
 
 had not held those statutes to be unconstitutional. It is not necessary in the instant case to make any declarations upon that point, because such questions were not argued in the lower courts, except in the oral argument before the Court of Ap
 
 *356
 
 peals, for the first time, and such questions were not even suggested in the court of common pleas or in the mayor’s court. We are not bound to declare either way upon questions which have not been decided by the courts of first instance. We are not without abundant authority upon this proposition.
 
 First Nat. Bank of Cape Girardeau
 
 v.
 
 Foster
 
 (Mo. App.), 271 S. W., 536;
 
 Peverill
 
 v.
 
 Board of Supervisors of Black Hawk Co.,
 
 201 Iowa, 1050, 205 N. W., 543;
 
 Ogilvie
 
 v.
 
 Hailey,
 
 141 Tenn., 392, 210 S. W., 645;
 
 Haun
 
 v.
 
 State, ex rel. Bd. of Commrs. of Carroll Co.,
 
 183 Ind., 153, 108 N. E., 519;
 
 Crowley
 
 v.
 
 State,
 
 11 Or., 512, 6 P., 70;
 
 Thrift
 
 v.
 
 Laird,
 
 125 Md., 55, 93 A., 449;
 
 Northumberland County
 
 v.
 
 Zimmerman,
 
 75 Pa., 26, 32.
 

 All of the foregoing cases were decided by state courts. The Supreme Court of the United States has, however, declared the same principle in unmistakable language. In
 
 Brooks
 
 v.
 
 Missouri, supra,
 
 Chief Justice Waite wrote the opinion. From the syllabus we quote:
 

 “Applying to this case the rules stated in
 
 Spies
 
 v.
 
 Illinois,
 
 123 U. S., 131 [8 S. Ct., 22, 31 L. Ed., 80], that ‘to give this court jurisdiction under Section 709 Rev. Stat. [Title 28, Section 344, U. S. Code] because of the denial by a state court of any title, right, privilege or immunity claimed under the Constitution, or any treaty or statute of the United States, it must appear on the record that such title, right, privilege or immunity was “specially set up or claimed” at the proper time and in- the proper way;’ that ‘to be reviewable here the decision must be against the right so set up or claimed;’ and that ‘as the Supreme Court of the State was reviewing
 
 *357
 
 the decision of the trial court, it must appear that the claim was made in that court,’ it appears that at the trial of the plaintiff in error, no title, right, privilege or immunity under the Constitution, laws or treaties of the United States were specially set up or claimed in the trial court. ’ ’
 

 Inasmuch as the invalidity of statutes was not brought in question in either the mayor’s court or court of common pleas, this court is not called upon under the authorities above quoted to again review the arguments set forth in the case of
 
 Tari
 
 v.
 
 State, supra,
 
 asserting their constitutionality.
 

 It may again, however, be stated in passing that, since the decision of the
 
 Tari case,
 
 the courts of other states have had occasion to review the same principles which were discussed in the
 
 Tari case.
 

 In the argument in the
 
 Tari case
 
 in this court, counsel for the accused presented as an authority the case of
 
 Ex parte Baer
 
 (D. C.), 20 F. (2d), 912. This court in refusing to follow the reasoning of the District Judge of the Eastern Division of Kentucky in that case was not at the time aware that the District Court of the Western District of Kentucky had decided a similar
 
 habeas corpus
 
 proceeding on June 2, 1927. That case is
 
 Ex parte Meeks
 
 (D. C.), 20 F. (2d), 543. In the
 
 Meehs case
 
 the writ of
 
 habeas corpus
 
 was refused on the ground that the question was not raised in the trial court, as appears from the following quotation from 'page 544 of the opinion:
 

 “So far as the record before this court shows, no objection was made by the defendant to the trial before the county judge.”
 

 The refusal was more particularly predicated, however, upon Meeks having a right to appeal from
 
 *358
 
 the judgment of the county judge to the state circuit court, in which court trial
 
 de novo
 
 would have been had, with a further right of appeal to the Court of Appeals and possible application for a writ of prohibition. This case is cited at this time to show that the federal District Courts of the District of Kentucky are not in harmony upon the proposition that the judgment of the trial court was a nullity. The conclusion reached in the
 
 Meeks case,
 
 that he could have appealed to the state circuit court for trial
 
 de novo,
 
 and the denial of the writ on that ground, could only be upon the theory that the trial court had jurisdiction to entertain the cause, as otherwise its judgment would have been void and therefore not subject to appeal. It would seem to be an anomalous situation that a cause could be begun in a court having no jurisdiction and from such court appealed to a court having conceded jurisdiction.
 

 If we are correct in this last proposition, then two other cases may be cited in support of the same position. In
 
 Hill
 
 v.
 
 State,
 
 174 Ark., 886, 298 S. W., 321, Hill was charged with the crime of aggravated assault, and tried before a mayor having a pecuniary interest in the outcome of the trial, and found guilty. On appeal to the circuit court, the
 
 Turney case
 
 having been decided in the meantime, that case was urged as an authority for reversal, but the judgment was affirmed on the ground that he had a right of appeal and trial
 
 de novo
 
 before the circuit court. In
 
 Brooks
 
 v.
 
 Town of Potomac,
 
 149 Va., 427, 141 S. E., 249, Brooks was charged with violation of traffic ordinances. He was tried in the mayor’s court and the fees of the mayor depended upon conviction. No objection was made prior to trial, and,
 
 *359
 
 on error being prosecuted to the circuit court, the judgment was affirmed. On error then being prosecuted to the Supreme Court of Appeals of Virginia, it was held that, inasmuch as the defendant could have appealed to the circuit court, and could have had a trial
 
 de novo
 
 therein, the
 
 Turney case
 
 was not an authority for reversal. The Supreme Court of Pennsylvania had the
 
 Tumey case
 
 under consideration in
 
 Commonwealth
 
 v.
 
 Dabbierio,
 
 290 Pa., 174, 138 A., 679. That court held that the disqualification of the judge would not be considered where the point was not raised in the trial court. The Supreme Court of Mississippi, in
 
 Bryant
 
 v.
 
 State,
 
 146 Miss., 533, 112 So., 675, discussed the
 
 Turney case
 
 and declared the following syllabus:
 

 “Where defendant in prosecution in justice court for violating game laws failed to object to trial before justice of the peace, under Constitution 1890, Section 171, on ground that he was interested in outcome of prosecution in that his compensation depended on conviction, either before the trial or any time before the justice of the peace lost control of the judgment, defendant~is in the attitude of having consented thereto and to have waived alleged disqualification.”
 

 The
 
 Bryant case
 
 has been followed by the Supreme Court of Mississippi in two other cases.
 
 Boyd
 
 v.
 
 State,
 
 114 So., 353, and
 
 Fleming
 
 v.
 
 City of Greenwood,
 
 115 So., 221.
 

 Summing up the situation in the instant case, there was no objection to the jurisdiction of the mayor, and there was no specific objection of any kind to the mayor presiding, and no suggestion of his disqualification. If does nof anywhere appear inv
 
 *360
 
 this record that the mayor was on a fee basis or that his compensation depended upon a conviction. The record does not anywhere challenge the validity of any statute. The petition must therefore be dismissed on the .sole ground that the demand and re-' fusal to impanel a jury was not error, because a jury trial is not guaranteed in this class of cases by either the State or Federal Constitution.
 

 Petition in error dismissed.
 

 Day, Allen, Kinkade and Matthias, JJ., concur.