### SNYDER *v.* BUNNELL, ADMINISTRATOR, ET AL.

MORTGAGE.— *Foreclosure.*—A complaint for foreclosure was based upon a writing executed by A. to B., reading " This indenture witnesseth that " A., " *, for the sum of *, has mortgaged and assigned to " B. " * the Monticello Woollen Mills, situated *, consisting of the building, all the machinery therein," etc., to secure certain promissory notes described therein.

*Held*, that the instrument sued upon is a mortgage.

SAME.—*Averment as to Record.*—The complaint in an action to foreclose a mortgage need not aver that the mortgage has been recorded, where the action is between the original parties to the mortgage, or their assignees or legal representatives.

PRACTICE.—*Failure to Perfect Change of Venue.—Failure to Answer.—Trial,*

*as Upon Default.*—In an action wherein a defendant had appeared, de-
murred, and been ruled to answer to a cross-complaint filed by a code-
fendant, a change of venue from the county was granted but never per-
fected, whereupon the court, at its next term, made the rule to answer ab-
solute and tried the cause.

*Held,* that the action of the court was proper.

From the Carroll Circuit Court.

*A. W. Reynolds* and *E. B. Sellers,* for appellant.

BIDDLE, J.—Complaint by the appellee, who was the
administrator of George W. Spencer, deceased, against the
appellant, to obtain judgment on certain notes secured by
a mortgage on the Monticello Woollen Mills, fixtures and
stock, executed by the appellant to the deceased in his life-
time, and to foreclose the mortgage.

One of the notes secured was executed by Snyder, the
mortgagor, to Spencer, the mortgagee; the other was exe-
cuted by George W. Spencer, G. S. Kendall and W. R.
Kendall, payable to Maria Batt, and assigned by her to Ira
Kingsbury, and by him to the Lafayette Savings Bank.

These are the substantial averments in the complaint.
The mortgage was made an exhibit, and the proper
breaches alleged.

The Lafayette Savings Bank filed a cross complaint,
making Snyder the defendant therein.

Issues were formed on the original complaint, and a trial
by the court had, which resulted in a finding and judgment
against Snyder, upon the note executed by him to Spencer.

Snyder demurred to the cross complaint, filed by the
Lafayette Savings Bank against him, for the alleged want
of facts. His demurrer was overruled, but it does not
appear that he excepted to the ruling. He has assigned as
error, however, in this court, the insufficiency of the com-
plaint, which presents the question of its sufficiency for our
consideration. After the demurrer of Snyder to the cross
complaint was overruled, he was, at the February term of
the court, 1877, ruled to answer the cross complaint.

At the same term, the venue, as between the bank and Snyder, was changed, by the agreement of the parties, to the White Circuit Court. It does not appear which party applied for the change. The change was not perfected by either party. At the April term, 1877, the rule against Snyder to answer—not having been complied with—was made absolute ; whereupon the court tried the case, as upon default, and found in favor of the bank, and rendered judgment accordingly. To this proceeding no objections were made by Snyder, and no exceptions reserved.

The questions presented by the assignments of error in this court, and which are discussed by the appellant in his brief, are :

1.   The insufficiency of the complaint ;

2.   The insufficiency of the cross complaint ; and,

3.   The irregularity of the trial on the cross complaint.

1.   The grounds taken against the sufficiency of the complaint are, that the alleged mortgage does not appear upon its face to be a mortgage, and that there is no averment that it was ever recorded.

The language of the mortgage is as follows :

"This Indenture Witnesseth : That Henry Snyder, of Monticello, county of White, and State of Indiana, for the sum of three thousand three hundred and eighty-five dollars, has mortgaged and assigned to George W. Spencer, of said county and State, the Monticello Woollen Mills, situated on the west bank of the Tippecanoe river, in said town of Monticello, consisting of the building, all the machinery therein," etc., and then describes the notes and states the usual conditions upon non-payment.

It appears to us very clear that such an instrument is a mortgage.

An averment that the mortgage was recorded was not necessary. The suit is between the original parties, Bunnell, the administrator of the mortgagee, and Snyder, the mortgagor.

2. The same objections are made to the sufficiency of the cross complaint, and may be answered in the same way. The payment of the note held by the bank, of which the mortgagee was a maker, was secured by the mortgage to the mortgagee. The bank, being the holder of this note, stood, in equity, in the place of the mortgagee. See *The South Side Planing Mill Association* v. *The Cutler & Savidge Lumber Company, post,* p. 560. It was therefore no more necessary that the mortgage should be recorded, as against the bank, than it was as against the mortgagee.

3. We see no irregularity in the trial on the cross complaint in the Carroll Circuit Court. Both parties were in court. The appellant was under a rule to answer the cross complaint, before the change of venue was granted by agreement. Neither party perfected the change of venue; the case and the parties, therefore, remained in the Carroll Circuit Court. When the appellant failed to comply with the rule against him to answer, he was liable to judgment as by default. *Risher* v. *Morgan,* 56 Ind. 172.

The judgment is affirmed, at the costs of the appellant.