STATE OF WEST VIRGINIA *v.* HARVEY SIMMONS

(No. 8327)

Submitted April 7, 1936.    Decided April 14, 1936.

*E. L. Maxwell,* for plaintiff in error.

*Homer A. Holt,* Attorney General, and *Kenneth E. Hines,* Assistant Attorney General, for the State.

MAXWELL, JUDGE:

The defendant was awarded a writ of error to the judgment of the circuit court of Randolph County imposing a fine of $50.00 and jail sentence of 90 days upon conviction for operating a motor vehicle on a public highway of said county while he was under the influence of intoxicating liquor.

The trial in the circuit court was on a warrant of arrest which had been issued against the defendant by a justice of the peace of said county October 22, 1934. The defendant having been found guilty by the justice, appealed to the circuit court.

The error assigned by the defendant and relied on by him was the action of the circuit court in overruling his motion that he be discharged from the prosecution on the ground that the proceeding before the justice was void and therefore the court had no jurisdiction of the case on appeal—that the justice was without authority to issue the warrant under the then existing statutes pertaining to fees of justices in misdemeanor cases; that said statutes were tainted with unconstitutionality because of the manner therein provided for the payment of such fees. The same ground was urged in support of motion to set aside the verdict.

The defendant's said position is based upon the holding of this court in the case of *Williams* v. *Brannen, Justice of the Peace,* 116 W. Va. 1, 178 S. E. 67, decided January 15, 1935. We there held that the system then current of compensating justices of the peace as set forth in Code 1931, 50-17-14, and 7-5-15, was unconstitutional. It was provided in Code, 50-17-14 that in misdemeanor cases, fees of the justice, not paid by the parties, should be charged and recovered as directed in Code, 7-5-15. The latter section made provision for a general fund to be kept by the sheriff of the county,

which fund was to be composed of fines collected by justices of the peace and paid by them to the sheriff. It was required that the sheriff's account should show the amount of fines to the credit of each justice. Further, that justices' fees, not collectible from the parties, should be paid by the sheriff "out of that part of such fund to the credit of the particular justice before whom such fee bill arose, if sufficient, and charged to such account, but neither the county nor the general school fund shall be liable for the fees or costs of any justice in such cases beyond the balance in the hands of the sheriff from fines paid by that justice."

We held in the *Williams* case that under such fee system, a justice, because of personal interest, was disqualified to act in a misdemeanor case. Following that decision, the legislature changed the said statutes. Acts of the Legislature, 1935, chapters 30, 31, and 32. But the case at bar arose when the statutes stood as they did at the time of the decision in the *Williams* case. Does it follow, as contended by the defendant, that the action of a justice in such circumstances was void? We think not. The action of a judicial officer who was disqualified by personal interest is voidable, not void. *City of Grafton* v. *Holt*, 58 W. Va. 182, 52 S. E. 21, 6 Ann. Cas. 403.

In considering the problem herein presented, there must be borne in mind the distinction between a situation wherein there is presented the question of a court's jurisdiction of subject matter, and a situation involving merely the personal qualification of a judge or justice. Where a court presumes to act in a given case without jurisdiction of the subject matter thereof, the attempted judicial action is void. The parties in interest cannot waive the jurisdictional question. Jurisdiction of subject matter cannot be created by agreement. But, jurisdiction was not the question involved in the *Williams* case and is not the question in the instant case, for, clearly, justices have jurisdiction of offenses such as the two cases presented, respectively. The pertinent question here, as in the *Williams* case, is in respect of the qualification of the justice. In the former case, the question of

qualification was raised promptly after the arrest of the accused and before trial. In the case at bar the question of the qualification of the justice was not raised until the case came before the circuit court on appeal. The question not having been raised prior to the hearing on the appeal, it must be deemed to have been waived. Where the disqualification of a judicial officer to sit in a particular case was not known to a party in interest at the time of the hearing thereof, waiver will not be implied from silence, but where the disqualification, arising under special circumstances, was known, or arising under general law, was presumed to be known, the question cannot be raised for the first time on appeal.

The case of *Tari* v. *State,* 117 Ohio St. 481, 159 N. E. 594, 57 A. L. R. 284, involves an identical principle of law. There, the question of the qualification of the justice who tried the case was first raised on appeal. The court stated:

"This decision must turn in its last analysis upon the distinction to be made between a void and a voidable judgment. If it was a void judgment, it is a mere nullity, which could be disregarded entirely, and could have been attacked collaterally, and the accused could have been discharged by any other court of competent jurisdiction in habeas corpus proceedings. If it was voidable, it is not a mere nullity, but only liable to be avoided by a direct attack and the taking of proper steps to have its invalidity declared. Until annulled, it has all the ordinary consequences of a legal judgment. * * *

"From the foregoing authorities, and by the overwhelming weight of all authority, it is clear that the sound rule is that matters of interest or bias, or prejudice of the judge, except where it amounts to actual fraud, are to be regarded as private matters, concerning only the parties to an action, and not affecting public policy. Such matters affect only the qualification of the judge, and, if they affect the jurisdiction at all, they must relate only to the jurisdiction over the person, and not to the jurisdiction over the subject-matter of the action.

"By a like overwhelming authority, they are matters of privilege, and, whether they are guaranteed by a constitutional or statutory provision, or by some principle of the common law, the privilege is regarded as waived, unless claimed at the earliest available opportunity."

See also, in line with the *Tari* case: *Stephenson* v. *State,* 119 Ohio St. 349, 164 N. E. 359; *Bryant* v. *State,* 146 Miss. 533, 112 So. 675.

On the principles herein set forth we are of opinion that there is no error in the record. Therefore, we affirm the judgment of the trial court.

*Affirmed.*