MACY *v.* LOGANSPORT MACHINE CO., INC.

[No. 29,046.   Filed April 21, 1953.   Rehearing denied May 12, 1953.]

*Glenn L. Miller,* of Logansport, *McClure, Shenk & Ellis,* of Kokomo, *George L. Denny* and *Schley & Trask,* all of Indianapolis, for appellant.

*John E. Fell,* of Kokomo, *Alan W. Boyd* and *Jerry P. Belknap,* of Indianapolis *(Fell, Life & LeVan,* of Kokomo, and *Barnes, Hickman, Pantzer & Boyd,* of Indianapolis, of counsel), for appellee.

FLANAGAN, J.—This action was brought by appellee under the Declaratory Judgment Act to determine the rights of appellant as patentee of a fluid control valve. Appellant filed a cross-complaint, basing separate paragraphs on three theories: (1) An express contract to pay the reasonable value of the patent used by appellee; (2) an implied contract to pay the reasonable value; and (3) a quasi contract by reason of unjust enrichment.

The trial started before Forrest E. Jump, regular Judge of the Howard Circuit Court, in November, 1948. However, on December 31, 1948, his term expired, and he was succeeded by Merton Stanley. By agreement of the parties, and with the consent of the new regular Judge, all of which was duly entered, Judge Jump retained jurisdiction to dispose of all issues. Judgment was entered on April 14, 1949, appellant's motion for a new trial was filed May 12, 1949, and ruling on that motion was made on March 9, 1950.

Appellant challenges the right of Judge Jump to rule on the motion for a new trial because of the fact that he had joined the law firm of appellee's attorneys. However, the first such challenge in the trial court was not made until November 9, 1949, although the record discloses that appellant had knowledge of the facts as early as January, 1949. If appellant had objections to Judge Jump continuing to serve, he should have made the objection known at least before the entry of judgment. A party cannot gamble on a favorable decision and then raise such an objection in the event he is disappointed. *Carr* v. *Duhme* (1906), 167 Ind. 76, 78 N. E. 322.

Appellant next contends that the finding is not sustained by sufficient evidence and is contrary to law. This contention is pointed solely to the evidence. The testimony in this case fills over 1,000 pages and there are approximately 100 exhibits. No good purpose would be served by attempting to summarize the evidence. It is sufficient to say that it is conflicting on all vital points. This court will not weigh conflicting evidence.

Objection is made to the admission of certain evidence. But no showing of any kind is made that such evidence was harmful to appellant, nor can we find that it was.

Judgment affirmed.

BOBBITT, J., not participating.

NOTE.—Reported in 111 N. E. 2d 717.