STATE EX REL. MOSSHAMMER v. ALLEN SUPERIOR COURT NO. 3, LLOYD S. HARTZLER, JUDGE.

[No. 30,704. Filed April 19, 1965.]

*Ramon S. Perry,* and *Adair, Perry, Beers, McAlister & Mallers,* of Fort Wayne, for relatrix.

*J. Robert Newkirk, Edwin R. Thomas, Gilmore S. Haynie, William F. McNagny* and *J. Byron Hayes,* all of Fort Wayne, Amici Curiae.

*Lloyd S. Hartzler, pro se.*

PER CURIAM.—This proceeding involves a case where the former husband of the relatrix filed a petition before the respondent judge for modification of a custody order relating to his small five year old daughter, Karolyn Mosshammer, then in the custody of his former wife, the relatrix herein.

On the 14th day of July, 1964 the trial and hearing on said petition were begun and were thereafter continued until the 16th day of December, 1964. On the 16th day of December, 1964, the court again resumed a hearing on the petition. Before the hearing was completed, counsel representing the relatrix and the respondent judge of the court became involved in a heated argument in which charges of prejudice and no prejudice were made. The respondent judge thereupon made the following entry in the court's record of the case:

> "Ramon Perry, plaintiff's attorney, having accused the Court of being prejudiced and unfair, and for this reason, and stating that he holds no prejudice for or against either party, the Court now disqualifies himself."

The next morning (December 17th) the respondent judge called the attorneys in court, stated he was vacating his order in which he had disqualified himself and was resuming jurisdiction, and then, without hearing any further evidence in the cause and before the relatrix had rested her part of the case, entered a judgment modifying the custody order of the child in favor of the former husband. On December 21, 1964 the court issued an order holding the relatrix in contempt for failure to deliver the child in accordance with the court's order. This Court issued a temporary writ of mandate directing the expunging of the record of the custody order of the court and a temporary writ of prohibition against the respondent judge.

The respondent judge and the amici curiae who presented a brief herein, contend the sole question before

this Court is whether or not an order of the court made disqualifying himself as judge may be vacated and set aside while the case is still pending. To support such a contention, they refer to cases where a court has vacated or set aside a prior ruling on a demurrer or other motion. *The First National Bank of Huntington* v. *Williams et al.* (1890), 126 Ind. 423, 26 N. E. 75.

In opposition, however, it is urged that this being a case where a judge has relinquished jurisdiction, he cannot reassume jurisdiction on his own motion, since he has lost jurisdiction in the cause. We have no doubt this is the law when another judge had been designated and had assumed jurisdiction in the meantime. In such a case, another judge has acquired jurisdiction. The situation here, however, had not reached the point where any other judge or court had assumed jurisdiction.

The question then is: May a judge who has disqualified himself, before another judge has been designated and has succeeded him as a special judge, rescind his action and reassume jurisdiction? Jurisdiction has many different concepts. A solution cannot be found in the hackneyed expression "that once a change of venue has been granted, the judge loses jurisdiction", since there are many exceptions to such a rule. Jurisdiction cannot totally disappear, but it must reside someplace. There cannot be a void. *State ex rel. Keesling* v. *Grant Cir. Ct. et al.* (1958), 238 Ind. 577, 153 N. E. 2d 912; *State ex rel. City of Indpls.* v. *Sup. Ct. of Mar. Co.* (1955), 235 Ind. 151, 128 N. E. 2d 874.

We have held many times that after an affidavit for a change of venue has been filed, a court may act in emergencies, pendente lite, in receiverships and custody matter, to mention but a few instances. A judge, after granting a change of venue, may

and should perform the administrative task of perfecting the change, and if the party requesting the change fails to act in perfecting the change, the judge may reassume control of the case. *Snyder* v. *Bunnell, Administrator et al.* (1878), 64 Ind. 403; *Howard* v. *Barbee et. al.* (1863), 21 Ind. 221.

Relatrix argues that a court may, sua sponte, rescind or reverse its rulings or orders during term, but only where there has been "a mistake" made. In this case the relatrix contends there is no mistake and no grounds for the court rescinding its order of disqualification, since the judge, at the time when he vacated his order of disqualification, stated no facts showing any error or mistake in the previous order. *State ex rel. Davis.* v. *Achor, Judge* (1947), 225 Ind. 319, 75 N. E. 2d 154.

We have held that a judge not only should, but it is his duty to disqualify himself if, for any reason, he believes he is prejudiced, or that policy, so far as apparent prejudice is concerned, would require that he disqualify himself. In the case before us, apparently the fairness or integrity of the respondent judge was impugned. Under the circumstances, he felt he should not serve any longer in the case, even though he felt the charges were untrue or false. A judge should have such discretion to disqualify himself under the circumstances. A court, in the administration of justice, should strive not only to give a fair trial, but to have a party feel he is getting a fair trial.

In *Joyce et al.* v. *Whitney et al.* (1877), 57 Ind. 550, 554, this Court stated:

"Judges are by no means free from the infirmities of human nature, and, therefore, it seems to us, that a proper respect for the high positions they are called upon to fill should induce them to avoid even a cause for suspicion of bias or prejudice, in the discharge of their judicial duties."

In that case we approved the disqualification of a judge, although it was insisted that he had no right to disqualify himself unless an affidavit was filed setting forth the disqualifications.

In *Leonard et al.* v. *Blair* (1877), 59 Ind. 510, 514, this Court said:

"In the case now before us, the order of the presiding judge, appointing another judge, recited, that, 'for good and lawful reasons,' he declined to preside at the trial of this cause. Nothing appearing to the contrary, we think we may fairly assume, that these 'good and lawful reasons' included some one or more of the causes specified in said 1st section of said last mentioned act, for which it was lawful for such presiding judge, in his discretion, to decline presiding during the trial of this action, *Joyce* v. *Whitney*, 57 Ind. 550."

In *State ex rel. Parker* v. *Vosloh, Judge* (1944), 222 Ind. 518, 54 N. E. 2d 650 we held a regular judge should disqualify himself in the administration of an estate in which he was interested.

A judge has a discretion to disqualify himself as a judge in a case if he feels he cannot properly hear the case because his integrity has been impugned or false charges have been made against him, and he has a mandatory duty to disqualify himself if he is prejudiced, interested, or related to any of the parties in the litigation. It would appear, therefore, that where good cause exists for the disqualification of a judge, he may not rescind his action and reassume jurisdiction, any more than he may do so where a proper affidavit or motion is filed asking for a change of judge. Likewise, if the motion or affidavit is defective and he has erroneously disqualified himself, he may, upon making a proper record, reassume jurisdiction, if such action is taken promptly and not waived by the parties.

In 48 C.J.S. Judges §93b, p. 1081, it is said:

"Where a judge on his own motion recuses himself, it has been held that he may later decide that his order was erroneous and set it aside; but it must affirmatively appear that there was no disqualifying fact at the time the order was revoked so as to overcome the presumption to the contrary by reason of the order of recusation; and, in the absence of sufficient grounds for so doing, it is reversible error for a judge who has recused himself again to assume jurisdiction."

We are supported in this position also by the case of *Dotson* v. *Burchett* (1945), 301 Ky. 28, 190 S. W. 2d 697, 162 A.L.R. 636.

The respondent judge filed at the time he resumed jurisdiction and placed in the record what he denominated "STATEMENT OF COURT'S REASONS FOR ENTRY AND DECISION ON DEFENDANT'S PETITION TO CHANGE CUSTODY FILED MAY 11, 1964". This consisted of over six pages of statements of facts and argument, displaying some amount of emotion and feeling on his part. In that statement he sets out that he found that the relatrix had committed perjury in regard to a trip to Florida with another man and with the small daughter; that between the time of the submission of part of the evidence on July 14, 1964 and December 16, 1964, the court had " . . . made a considerable investigation concerning the parties and the situation existing to guide the Court in what should have been done for the benefit of the child." The court further stated:

'The plaintiff has not concluded all of her evidence in this cause but this Court is of the opinion that when divorce cases are filed and a divorce granted and custody of children is involved, in a petition to modify, the custody and welfare of the children is in the Court and the Court, having reached a conclusion as to what is best for the child, has the right to act without hearing all of the evidence that the parties desire to introduce."

Based on the statements of the judge placed in the record by him to justify his actions in setting aside his own order of disqualification of the day before, ■ relatrix contends that this shows that the judge was prejudiced when he sought outside information and terminated the case without fully hearing all of her evidence. In our opinion, the record does show considerable feeling by the judge in this case. His acts were irregular, to say the least, and lacked judicial restraint. The record shows there was sufficient reason for the judge to disqualify himself in this case. Such grounds existing, he had no authority to rescind or vacate his order of disqualification.

Although a judge, in disqualifying himself to serve in a particular case, has a discretion in taking such action, since the reason or reasons may be personal ■ and he need not state them, yet if he thereafter attempts to rescind such action and reinstate himself, it must affirmatively appear that valid grounds existed for such reinstatement, such as error or mistake. If no such valid reason is shown, he may not, sua sponte, revoke or set aside his own disqualification. It follows that if there is a positive showing of prejudice or other disqualifying facts are revealed, he may not rescind his disqualification in the face of such a showing. We are supported in this principle, we think, by the authorities. See particularly, Annot. 162 A.L.R. 641, 646 (1946).

Timely objections were made in this case to the attempt of the respondent judge to reassume the position of judge in the custody case.

For the reasons stated, the temporary writ heretofore issued is made permanent.

NOTE.—Reported in 206 N. E. 2d 139.