ROBERT L. SINGLETON *v*. STATE OF INDIANA.

[No. 3-975A197. Filed July 21, 1977.]

*Robert F. Gonderman,* of South Bend, for appellant.

*Theodore L. Sendak,* Attorney General, *James N. Shumacker,* Deputy Attorney General, for appellee.

HOFFMAN, J.—Defendant-appellant Robert L. Singleton was tried without a jury and convicted of receiving stolen goods.[1] Appellant was sentenced to the Indiana Department of Correction for a term of not less than one nor more than ten years, and fined $150.

---

1. IC 1971, 35-17-5-3(1)(f) and (2)(a) (Burns Code Ed.),

The record shows that on October 31, 1974, before the Honorable Douglas D. Seely, Jr., the State of Indiana filed an information against appellant for receiving stolen property together with a supplemental affidavit in support of probable cause. The record then contains the following entry:

"And now the Court having received knowledge and information concerning this outside of the proceedings herein now disqualifies himself and instructs counsel to present this to the Honorable E. Spencer Walton, the Judge presiding in Division I."

Judge Walton held a hearing, ordered a warrant issued and set the amount of bond. Subsequently, appellant appeared by attorney Patrick Brennan & Associates and a date for arraignment was set. On that date appellant pleaded not guilty.

On the 12th day of November, 1974, Judge Norman Kopec made the following entry:

"State of Indiana

   - vs -         Cr. No. 18036

  Robert L. Singleton

TO: Judge Seely
      Prosecuting Attorney
      Brennan & Assoc.

The above cause is this date assigned to the Judge named above. Counsel are ordered to appear before said Judge on December 6, 1974 at 8:30 a.m. for the purpose of setting said cause for trial.

                   NORMAN KOPEC
                   Chief Judge
DATED 11/12/74       St. Joseph Superior Court"

Judge Seely thereafter set the date for trial by jury; heard and granted a motion for discovery; accepted a waiver of jury trial; conducted the trial before the court; delivered the verdict; sentenced the defendant; and ruled on the motion to correct errors.

The motion to correct errors contained an affidavit by the trial lawyer stating he was unaware of the entry made by

Judge Seely disqualifying himself until after the trial of the case.

The record shows no remittal of the disqualification of Judge Seely.

Appellant contends that "[t]he trial court erred in hearing this case after he had disqualified himself and while his own order of disqualification was still in force."

Parties are entitled to a hearing and determination by an impartial tribunal. A judge should be wholly free, disinterested, impartial and independent to preside in a case. Thus, a court, in the administration of justice, should strive not only to give a fair trial, but to have a party feel he is getting a fair trial. *State ex rel. Mosshammer* v. *Allen Sup. Ct.* (1965), 246 Ind. 366, 370, 206 N.E.2d 139, 142.

A judge has the discretionary power to disqualify himself *sua sponte* whenever any semblance of judicial bias or impropriety comes to his attention. *State ex rel. Mosshammer* v. *Allen Sup. Ct., supra; Stein* v. *State* (1975), 166 Ind. App. 133, 334 N.E.2d 698 (transfer denied).

A judge has discretion in disqualifying himself from serving in a particular case and does not have to state his reason or reasons.

In the case at bar the judge *sua sponte* disqualified himself and set out his reasons, "having received knowledge and information concerning this outside of the proceedings herein."

The "proceedings" were a probable cause hearing for the issuance of a warrant. However, the grounds stated in the disqualification were not limited to the probable cause hearing,[2] but would support a general disqualification.

---

2. There could be grounds that would disqualify a judge from hearing only the probable cause proceedings. However, the record should show such grounds and limit the disqualification to the probable cause proceedings.

The judge thereafter assumed jurisdiction without revoking or setting aside his prior order of disqualification. This he cannot do. Once a judge disqualifies himself he cannot thereafter attempt to rescind such action and reinstate himself unless it affirmatively appears that valid grounds existed for such reinstatement. If no valid reason is shown he may not revoke or set aside his own disqualification. *State ex rel. Mosshammer* v. *Allen Sup. Ct., supra.*

The State claims that appellant waived this issue because he voiced no objection to the trial judge being reassigned to hear the case-in-chief. The disqualification was raised for the first time in the motion to correct errors and while the case was still within the control of the trial judge. The record also shows that neither the appellant nor his attorney learned of the disqualification until after the trial. The appellant or his attorney would have little reason to check the record prior to the probable cause hearing. The objection was raised in time to preserve it for an appeal.

Disqualification of the judge may be waived by the consent of the parties and the judge. Thus, the judgment was not void *per se,* but simply voidable. *City of Biloxi* v. *Cawley* (Miss. 1976), 332 So.2d 749; *Yazoo & M. V. R. Co.* v. *Kirk* (1912), 102 Miss. 41, 58 So. 710, *limited on other grounds, Norwich Union Fire Ins. Co.* v. *Standard Drug Co.* (1920), 121 Miss. 510, 83 So. 676, 11 A.L.R. 1321; *State* v. *Simmons* (1936), 117 W. Va. 326, 185 S.E. 417.

Therefore the disqualification of the trial judge must be seasonably raised. If a complaining party sits idly by and awaits the outcome of the proceedings after receiving knowledge of a trial judge's disqualification, or after the circumstances or law creates a presumption of such knowledge, he will be held to have waived the disqualification and consented to trial by the judge presiding. *Stein* v. *State, supra.*

The appellant raised the disqualification of the trial judge at the first opportunity after learning the facts.

The judgment of the trial court is therefore reversed.

Garrard, J., concurs; Robertson, C.J., participating by designation, concurs.

NOTE.—Reported at 364 N.E.2d 1041.