**Danny J. CALVERT, Appellant
(Defendant Below),**

v.

**STATE of Indiana, Appellee
(Plaintiff Below).**

No. 82A04–8603–CR–95.

Court of Appeals of Indiana,
Fourth District.

Oct. 8, 1986.

James L. Kiely, Evansville, for appellant.

Linley E. Pearson, Atty. Gen., Cheryl L. Greiner, Deputy Atty. Gen., Indianapolis, for appellee.

YOUNG, Judge.

Danny Calvert appeals a jury verdict convicting him of two counts of forgery.[1] He raises the following issues on appeal:

1) whether the trial court erred in failing to declare a mistrial when it discovered that the trial judge had served as the prosecutor against Calvert in the case;

2) whether the trial court erred in instructing the jury on flight when no evidence of flight by Calvert was introduced at trial;[2]

---

1. Calvert was convicted of forgery upon the basis that he aided, induced or caused his stepdaughter to commit forgery. IND.CODE 35–41–2–4.

2. Although we do not base our decision upon this issue, we believe that the instruction was improper. An instruction on flight is proper only where there is evidence that the defendant attempted to flee. *Stout v. State* (1985), Ind.,

3) whether the trial court erred in instructing the jury that it was not necessary to find Calvert had received money or other monetary gain in order to convict him of forgery;[3]

4) whether the jury's verdict was sustained by sufficient evidence;

5) whether the trial court erred in not allowing Calvert to explain his two prior convictions of theft after the prosecutor asked Calvert if he liked to supplement his income by stealing;

6) whether the trial court erred in denying Calvert's motion for mistrial based upon the prosecutor's allegedly improper remarks; and

7) whether the trial court erred in striking testimony regarding a handwriting exhibit which Calvert withdrew from evidence.

We reverse and remand for a new trial on the basis of the first issue.

Immediately before trial, on September 25, 1985, the trial judge stated that Calvert looked familiar and asked whether Calvert had any prior convictions. Calvert informed the trial judge that he had been convicted of theft in 1971 and 1981. While attempting to find out if the trial judge had acted as the prosecutor in the 1981 conviction, the bailiff located 84–CR–71, the cause number of the present case prior to its being dismissed and refiled. Calvert's attorney informed the judge that 84–CR–71 was the same case as the present one but stated it was filed in 1983. (R. 136) The trial judge then requested the court reporter to check with the prosecutor's office regarding the 1981 theft conviction. Upon learning the cause number of that conviction, the trial judge stated it was not something he would have handled and therefore his previous employment with the prosecutor's office did not present a problem.

During the trial, the trial judge asked for the previous cause number of the present case. Calvert's attorney located the number on his copy of the docket sheet and apparently gave the trial judge the copy. The trial judge then informed both parties that he had appeared on two occasions for the prosecution against Calvert when the present case was originally filed. Additionally, the trial judge had, as the prosecutor, obtained a court order for a sample of Calvert's handwriting which was admitted into evidence.

Calvert's attorney testified that he had obtained the copy of the docket sheet in order to oppose the state's motion for continuance which was filed on September 12, 1985 and denied by the judge who was originally scheduled to hear the case. Calvert's attorney did not learn until several days after the hearing on the motion that a change in judges had occurred. He further testified that he had not reviewed the docket sheet after the hearing and had learned of the trial judge's previous participation as prosecutor only when the judge informed both parties of it. Calvert objected and moved for a mistrial, claiming that the trial judge should have disqualified himself. The judge overruled the objection, however, stating he did not have any bias or prejudice against Calvert and that Calvert knew or should have known of the prior participation and had failed to make a timely objection.

■ Several Indiana cases have held that actual bias or prejudice must be shown in the record to warrant reversal based upon a judge's failure to disqualify himself. *Smith v. State* (1985), Ind., 477 N.E.2d 857; *Rose v. State* (1986), Ind.App., 488 N.E.2d 1141; *Jones v. State* (1981), Ind.App., 416 N.E.2d 880. These cases are distinguishable from the present one, however, because they involved disqualification based upon claims of bias or prejudice rather than disqualification based upon service as an attorney for one of the parties in the matter in controversy.

---

479 N.E.2d 563. While there is some evidence in the record that Calvert's stepdaughter had fled the jurisdiction, no evidence was introduced indicating such an attempt by Calvert.

**3.** We note that this instruction was proper. *Flick v. State* (1983), Ind., 455 N.E.2d 339.

The CODE OF JUDICIAL CONDUCT provides:

> (1) A judge should disqualify himself in any proceeding in which his impartiality might reasonably be questioned, including but not limited to instances where:
>
> > (a) he has personal bias or prejudice concerning one of the parties or has personal knowledge of disputed evidentiary facts concerning the proceeding;
> >
> > (b) he served as a lawyer in the matter in controversy....

Canon 3 C(1)(a-b). If we were to require bias or prejudice to be shown where the trial judge had been an attorney for one of the parties, Canon 3 C(1)(b) would have no purpose. All such cases would be covered under Canon 3 C(1)(a). Courts of several other jurisdictions have held that, even absent a showing of bias or prejudice, a judge is disqualified from sitting in the same case in which he had actively been involved in the prosecution. *See* Annot., 16 A.L.R. 4th 550 § 6 and cases cited therein. The judge in this case was actively involved in the prosecution by appearing twice on behalf of the state and by filing a motion for a court-ordered sample of Calvert's handwriting. Additionally, our supreme court has stated that "there is no dispute that a judge may not sit in a case where he had a role as an attorney for one of the parties." *State ex rel. Wright v. Morgan County Court* (1983), Ind., 451 N.E.2d 316, 317 (dicta). We therefore conclude that a trial judge must disqualify himself from a proceeding in which he has actively served as an attorney for one of the parties regardless of whether actual bias or prejudice exists.

We also conclude that Calvert did not waive his right to request that the trial judge disqualify himself by failing to make a timely objection. While Calvert did not move for change of venue from the judge, we feel that this situation is one that required recusal rather than a routine change of judge motion. *Stivers v. Knox County Dept. of Pub. Welfare* (1985), Ind.App., 482 N.E.2d 748. We realize that the disqualification of the trial judge must be seasonably raised. *Singleton v. State* (1977), 173 Ind.App. 606, 364 N.E.2d 1041. "If a complaining party sits idly by and awaits the outcome of the proceedings after receiving knowledge of [facts that require] a trial judge's disqualification, or after the circumstances or law creates a presumption of such knowledge, he will be held to have waived the disqualification and consented to trial by the judge presiding." *Id. citing Stein v. State* (1975), 166 Ind.App. 133, 334 N.E.2d 698.

In this case, Calvert did not await the outcome of the proceedings. He objected at the first opportunity after learning the facts. *Singleton, supra* 364 N.E.2d at 1043. Calvert's attorney was not involved in the proceedings when, the judge had entered his appearances for the state. While Calvert's attorney did have a copy of the docket sheet which indicated that the judge had acted as the prosecutor in the case, it was obtained for the purpose of objecting to a continuance. The hearing on this continuance was held before another judge and Calvert's attorney did not learn of a change in judges until several days after the hearing and only a few days before trial. He would have had little reason to re-check his copy of the docket sheet prior to trial. *Id.* (attorney had little reason to check record prior to probable cause hearing). During the trial, Calvert's attorney objected immediately upon learning of the judge's prior participation. We therefore hold that the judge should have disqualified himself and that Calvert did not waive his right to object to the judge's failure to do so.

Reversed and remanded for a new trial.

CONOVER, P.J., and MILLER, J., concur.