**Charles R. AUSTIN, Appellant**
**(Defendant Below),**

v.

**STATE of Indiana, Appellee**
**(Plaintiff Below).**

**No. 49A02–8712–CR–523.**

Court of Appeals of Indiana,
Second District.

Sept. 19, 1988.

Richard Kammen, McClure, McClure & Kammen, Indianapolis, for appellant.

Linley E. Pearson, Atty. Gen., Amy Schaeffer Good, Deputy Atty. Gen., Indianapolis, for appellee.

SHIELDS, Presiding Judge.

Charles R. Austin appeals the imposition of a $3,500 fine for the distribution of obscene matter, a class A misdemeanor,[1] to which he pled guilty.[2]

We affirm.

## FACTS

On August 10, 1987, Austin filed a "Motion to Disclose All Contacts Intended to Influence the Court" in his pending charge for distributing obscene matter. In pertinent part, the motion reads as follows:

> 1. Counsel for the defendant has learned that a local group which calls itself the "Citizens for Decency Through Law" has embarked on a campaign to influence the Judge, the Honorable Toni Cordingly, by letter and/or direct personal communications regarding her conduct of trials in cases such as this and sentences imposed should the defendant be convicted.

> \* \* \* \* \* \*

> WHEREFORE, the defendant respectfully requests the Honorable Antoinette Cordingly to disclose for the record and make a part of the record and provide copies to the defendant of all written communications that she has received regarding her conduct of obscenity trials and any written recommendations which she has received regarding the sentences which should be imposed should an individual charged with distribution of obscene matter be convicted.

---

1. IC 35–49–3–1 (Burns 1985).

2. Although Austin attacked his fine by a denominated motion to correct error, we treat it as a motion to correct an erroneous sentence under IC 35–38–1–14 (Burns 1985).

528 N.E.2d—19

Record at 30. The trial court denied the motion, noting that while it had "received letters from various citizens ... deal[ing] generally with *their* feelings towards 'pornography,'" the letters had no influence on the court. Record at 31.

On August 11, 1987, Austin entered into a plea agreement in which he agreed to plead guilty to the pending misdemeanor obscenity charge, while the State agreed to recommend a suspended sentence and community service work. The question of a fine, if any, was left to the trial court's discretion.

At Austin's sentencing the State argued for the maximum fine. Austin's attorney asked for "a significantly lower fine," and when pressed, stated that

> we feel that [a] $1,000 fine would be appropriate in light of the amount of community service work and the fact that he will be on probation for a year and the fact that he has changed his business practices.

Record at 69. The trial court imposed a fine of $3,500.

## ISSUES

The issue on appeal is whether the fine is erroneous because (1) the trial court refused to disclose the content of *ex parte* communications it had received from various private citizens and (2) it is manifestly unreasonable.

## DECISION

■ Austin argues the trial judge's refusal to disclose the letters she received from individuals "connected with 'Citizens

for Decency Through Law'" deprived him of the opportunity to make an informed decision whether to request her recusal or otherwise to seek her disqualification.[3] While we can appreciate Austin's frustration, there is no reversible error. Indeed, the contents of the letters would have been unavailing to Austin. The question is not what the letters said but rather their impact, if any, on the trial judge. That is a decision only the trial judge can make and, in the absence of circumstances supporting a contrary conclusion, we assume the judge would have complied with the obligation to disqualify herself had there been any reasonable question concerning her impartiality. *See Lasley v. State* (1987), Ind., 510 N.E.2d 1340, 1341; Canon 3(C)(1) Code of Judicial Ethics.

■ Here, the record is devoid of any inference, let alone any evidence, that the trial judge's impartiality was compromised by the letters. In fact, Austin himself does not question the judge's conduct except as to her nondisclosure. Thus, while disclosure might have dispelled Austin's concerns, we find no reversible error in nondisclosure.[4]

■ Austin's second argument is that the $3,500 fine imposed on him is manifestly unreasonable. Austin first argues that the fine was unreasonable because he had not screened the obscene videotape before distributing it. There is no merit to this argument because the offense to which he pled guilty requires a knowing or intentional culpability.

■ We are also unimpressed with Austin's argument that "the decision

---

**3.** Austin relies on Canons 1, 2, and 3 of the Code of Judicial Conduct in support of his contention that disclosure is required. None of the passages which he quotes imposes any disclosure requirements upon judges. The section most favorable to Austin merely requires that a judge disqualify himself when he has "personal knowledge of disputed evidentiary facts concerning the proceeding." Code of Judicial Conduct, Canon 3(C)(1)(a). Here, because Austin pled guilty, there obviously were no disputed evidentiary facts that could have been imparted to the trial judge.

Austin also cites *Stivers v. Knox County Dep't of Public Welfare* (1985), Ind.App., 482 N.E.2d

748. In *Stivers,* the trial judge had previously served on a "child protection team" that had investigated the case at bar. *Calvert v. State* (1986), Ind.App., 498 N.E.2d 105, the other case cited by Austin, involves a judge who had previously prosecuted the defendant. The facts of both *Stivers* and *Calvert* are far removed from those of the present matter.

**4.** Needless to say we do not condone the alleged actions of "Citizens For Decency Through Law" to the extent that its members would attempt to influence a trial court by means of *ex parte* communications.

should be based upon an objective consideration of the offender and not based upon a subjective evaluation of the quality of the material distributed." Appellant's Brief at 11. We disagree. Although it is not clear from the text of the Rules for the Appellate Review of Sentences, we hold they apply to appellate review of fines as well as of incarceration. *Cf. Ford v. State* (1979), 182 Ind.App. 224, 394 N.E.2d 250, wherein a $10,000 fine imposed for selling a magazine entitled "Juicy F—k" was held not to constitute excessive punishment under the state constitution. Rule 2 specifically requires an evaluation of both the offender and the offense: "A sentence is not manifestly unreasonable unless no reasonable person could find such sentence appropriate to the *particular offense* and offender for which such sentence was imposed." (Emphasis added.) Thus, we review the imposition of a fine only for an abuse of discretion. Here, it is apparent the trial judge considered proper factors in determining the amount of Austin's fine and we cannot say that no reasonable person could agree with the amount. The trial judge specifically stated she not only weighed the considerations espoused by Austin's attorney, *i.e.*, the amount of community service work ordered, the one year probation, and the change in Austin's business practices, but also the content of some of the scenes in the obscene film. There is no abuse of discretion by the trial court.

Judgment affirmed.

MILLER and BUCHANAN, JJ., concur.