Harold HARDEN, Appellant
(Defendant Below),

v.

STATE of Indiana, Appellee
(Plaintiff Below).

No. 53A04–8810–CR–346.

Court of Appeals of Indiana,
Fourth District.

May 15, 1989.

Lisa A. Farnsworth, Deputy Public Defender, Monroe County, Bloomington, for appellant.

Linley E. Pearson, Atty. Gen., Michael Gene Worden, Deputy Atty. Gen., Office of Atty. Gen., Indianapolis, for appellee.

CONOVER, Presiding Judge.

Defendant–Appellant Harold Harden Sr. appeals his class A misdemeanor conviction for driving while suspended, IND.CODE 9–1–4–52, and his class D felony conviction for driving while intoxicated, I.C. 9–11–2–2, 9–11–2–3.

Affirmed.

The sole issue raised by Harden is whether a new trial is required because the trial judge once served as Harden's attorney in a prior unrelated criminal matter.

After a bench trial before Judge Douglas R. Bridges on April 30, 1987, Harden was convicted of driving while intoxicated, driving with a blood alcohol content of .10% or more, and driving while his license was suspended.

After Hardin failed to appear for sentencing, he requested the court appoint a public defender to represent him at a rescheduled sentencing hearing. When Hardin told his public defender Judge Bridges once represented him in a criminal matter, she so informed the court and filed a motion asking the judge to recuse himself. Judge Bridges immediately did so, and the case was assigned to Judge Marc Kellams.

Judge Kellams found aggravating circumstances, sentenced Hardin to executed terms of 1 year for driving while suspended and to two 4 year concurrent terms for driving while intoxicated and driving with a blood alcohol content of .10% or more. The 1 year term was to run consecutive to the 4 year concurrent terms. In addition, the court suspended Hardin's license for 2 years.

Hardin's motion to correct error alleged he was denied a fair trial because of Judge Bridges' prior representation of him in another criminal matter. It also alleged the sentence was wrong because the court imposed sentences for conviction under both I.C. 9–11–2–1, driving with a blood alcohol content of .10% or more, and I.C. 9–11–2–2, driving while intoxicated.

The court, by Judge Kellams, vacated the sentence imposed for driving with a blood alcohol content of .10% or more, but otherwise denied Hardin's motion to correct error. The court found Hardin failed to show any actual bias or prejudice resulting from Judge Bridges' prior representation of Hardin.

Hardin appeals.

Hardin concedes he cannot point to any specific facts leading to his conclusion prior representation by Judge Bridges presented a conflict of interest denying him a fair trial. Hardin argues a showing of actual

bias or prejudice is not necessary to warrant Judge Bridges's disqualification which in turn requires a new trial. Hardin only cites Canon 3 C(b) [sic] of the Code of Judicial Conduct, and *Calvert v. State*, (1986), Ind.App., 498 N.E.2d 105.

The State argues (1) Hardin was more likely than Judge Bridges to have remembered the prior representation and waived error by failing to inform Judge Bridges of it before trial; (2) Hardin's cited authority is not applicable; and (3) Hardin was required, but failed, to show actual prejudice.

Canon 3 of the Code of Judicial Conduct provides, in part

C. *Disqualification*

(1) A judge should disqualify himself in a proceeding in which his impartiality might reasonably be questioned, including but not limited to instances where:

.     .     .     .     .

(b) he served as lawyer in the matter in controversy, or a lawyer with whom he previously practiced law served during such association as a lawyer concerning the matter, or the judge or such lawyer has been a material witness concerning it;

.     .     .     .     .

Indiana Rules of Court, *Code of Judicial Conduct*, Canon 3 C(1)(b) (West, 1988). We note particularly the prefatory phrase "including but not limited to" may require a judge to recuse in circumstances other than those listed in the rule. It is obvious 3 C(1)(b) is not directly applicable to this case because Judge Bridges did not serve "as a lawyer in the matter in controversy[.]"

The issue here is whether Hardin was denied a fair trial because Judge Bridges represented him in an earlier, unrelated criminal matter, without more. The record does not indicate when the earlier representation occurred nor does it inform us as to the nature of the earlier criminal matter.

In several cases this court and our supreme court have been asked to reverse criminal convictions upon assertions a trial judge should have recused himself. In those cases cited by Hardin and the State

our courts have been loathe to reverse the convictions unless (1) timely objection for change of judge was made, and (2) the appellant could show actual prejudice. The law generally presumes a judge is unbiased and unprejudiced. *Lasley v. State*, (1987), Ind., 510 N.E.2d 1340, 1341; *Smith v. State*, (1985), Ind., 477 N.E.2d 857, 864; *Jones v. State*, (1981), Ind.App., 416 N.E.2d 880, 881.

In *Calvert v. State*, (1986), Ind.App., 498 N.E.2d 105, the only case cited by Hardin, this court reversed convictions for forgery and remanded for a new trial. There, the trial court judge had appeared for the State and against the defendant when the same forgery charges were first filed under a different cause number. In addition, Calvert raised a timely objection before a verdict was rendered. This court cited Canon 3 C(1)(a) and (b) and concluded:

. . . a trial judge must disqualify himself from a proceeding in which he has actively served as an attorney for one of the parties regardless of whether actual bias or prejudice exists.

498 N.E.2d at 107. Thus, at least where the trial judge served as an attorney for one of the parties in the proceeding before the court, a party need not show actual bias or prejudice to warrant recusal.

In *Grimes v. State*, (1977), 266 Ind. 684, 366 N.E.2d 639, our supreme court decided, under I.C. 35–1–25–2 [now I.C. 35–36–5–2], a trial judge was not obliged to disqualify himself from presiding at a guilty plea hearing simply because he had previously represented the defendant. There, the former representation was remote in time and was not in the same cause.

In *Macy v. Logansport Machine Co.*, (1953), 232 Ind. 270, 111 N.E.2d 717, the term of the trial judge expired during trial. By agreement of the parties and with the consent of the new judge the presiding judge retained jurisdiction to decide the case, although he had in fact joined the law firm representing the plaintiff-appellee. Our supreme court did not permit the defendant-appellant to claim error in this regard on appeal. It said the appellant should have made known his objections be-

fore entry of judgment. It noted "[a] party cannot gamble on a favorable decision and then raise ... an objection in the event he is disappointed." 232 Ind. at 272, 111 N.E.2d at 717.

In *Dishman v. State*, (1988), Ind., 525 N.E.2d 284, our supreme court decided a defendant in a robbery prosecution was not entitled to a change of judge although the presiding judge had been the prosecuting attorney in two cases which formed the basis of an habitual offender charge pending in the case before the court. Our supreme court said denial of the motion for change of judge would have been error if there had been a factual contest about the prior convictions. However, there was none and a determination the defendant was an habitual offender was "virtually a foregone conclusion." Thus, the court said, the judge's personal knowledge played no part in the jury determination of the defendant's status as an habitual offender.

There is nothing in these cases to remotely hint prior representation of a party in another cause, standing alone, is sufficient to reverse a criminal conviction. There is nothing in them which mandates reversal on any basis contrary to the general rule an appellant must show prejudice. Hardin certainly points to no authority to the contrary. His sole case citation, *Calvert, supra*, stands for no more than the proposition one need not show prejudice when the trial judge actually represented one of the parties in the cause before the court. Likewise, Canon 3 C(1)(b). Such is not the case here.

We find no authority for a *per se* rule requiring reversal when the trial judge has represented a party in another case at some time in the past and Hardin cites none. Further he demonstrates no prejudice arising therefrom, a required ingredient for reversal, nor do we find any.

Affirmed.

CHEZEM and NEAL, JJ., concur.