624 N.E.2d 68 (1993)
In the matter of the Guardianship of Baron Scott Garrard.
Arthur Garrard and Barbara Garrard, Appellant,
v.
DAVID L. STONE AND KAREN M. STONE, Appellee.
No. 55A05-9308-CV-303.[1]
Court of Appeals of Indiana, First District.
November 30, 1993.
*69 Patrick J. Bennett, Bennett & Sheff, Indianapolis, Bradley D. Cooper, Zionsville, for appellant.
Richard J. Wood, Mooresville, for appellee.
BAKER, Judge.
Today we decide whether an ex parte communication, initiated by a judge to a witness, may be cured by permitting the parties to examine the witness in court. Appellant-petitioners Barbara and Arthur Garrard appeal the trial court's award of guardianship of Baron Garrard to appellee-respondents Karen and David Stone.

FACTS
Baron Garrard's father died in 1986, and his mother later abandoned him. Now eight years old, Baron currently lives with the Stones, although he has occasionally lived with the Garrards.
On October 20, 1992, the Garrards petitioned to be appointed Baron's legal guardian. After two continuances, the trial court held the temporary guardianship hearing or December 18, 1992. At that hearing, the trial court awarded temporary guardianship to the Stones, and set the permanent guardianship hearing for February 5, 1993. After a protracted hearing on February 5, the trial court was compelled to set the matter for further hearing on February 25, 1993.
At these guardianship hearings, the court-appointed special advocate testified that she could not opine regarding the effect upon Baron of living apart from his brother, who was already under the Garrards' guardianship. The special advocate also testified that an expert could make such a determination. After further hearings, the parties and the judge discussed the possibility of having Debra Page, a certified marriage and family therapist, testify. Instead, they decided to obtain a written report of her opinion. The Garrards did not want to rule out the possibility of having Page testify, which would require yet another hearing.
On March 5, 1993, Page sent the judge and the parties her report regarding Baron's evaluation. The trial judge later initiated a telephone conversation with Page without informing the parties.
On March 18, 1993, the trial court awarded the Stones guardianship of Baron. Subsequently, the Garrards filed a motion to correct error seeking a new trial due to the judge's ex parte communication with Page. At the hearing on the motion, Page testified that in her opinion Baron would be better off living with his brother at the Garrards. The trial court denied the motion to correct error, and the Garrards appeal.

DISCUSSION AND DECISION
The Garrards argue that the trial court pursued, received, and considered evidence outside the presence of the parties, and as a result they should receive a new trial. We agree.
Ind. Judicial Conduct Canon 3(B)(8) provides:

*70 A judge shall not initiate, permit, or consider ex parte communications, or consider other communications made to the judge outside the presence of the parties, concerning a pending or impending proceeding... .
The commentary to Jud.Canon 3(B)(8) provides:
A judge must not independently investigate facts in a case and must consider only the evidence presented.
We sympathize with the trial court's desire to administer speedy justice and quickly resolve a custody dispute in order to give a child some certainty and stability. By the time the judge contacted Page in March, Baron's guardianship had been pending in the trial court for five months. Furthermore, given the Garrards' disposition for additional hearings, no resolution of the guardianship was in sight. Nonetheless, a trial judge may not initiate contact with an expert outside the presence of the parties in an attempt to settle a matter more quickly. The Canons of Judicial Conduct clearly prohibit this.
Ind. Judicial Canon 2(A) provides:
A judge ... shall act at all times in a manner that promotes public confidence in the integrity and the impartiality of the judiciary.
The public entrusts the judiciary "to provide a tribunal as superior to influence as possible, in which [a] claim might be decided." Cohens v. Virginia, 19 U.S. (6 Wheat.) 264, 382, 5 L.Ed. 257 (1821) (Marshall, C.J.). In order to have faith that our judicial system operates providently, the public must have confidence in the procedure by which our courts render decisions.
While the trial judge may have justly and correctly decided the case at bar, the appearance of impropriety requires reversal. The appearance of impropriety undermines public confidence in the judicial system, and public confidence in the judiciary presupposes the maintenance of a free civic state. N. Machiavelli, The Discourses 124-31 (L. Walker, trans. 1983).
Generally, a judge must disqualify himself when there exists a reasonable question concerning his impartiality. State ex rel Mosshammer v. Allen Superior Court No. 3 (1965), 246 Ind. 366, 370, 206 N.E.2d 139, 142; Dahlin v. Amoco Oil Corp. (1991), Ind. App., 567 N.E.2d 806, 813, trans. denied. Indeed, "[e]x parte communications by their nature suggest partiality." Tyson v. State (1993), Ind., 622 N.E.2d 457, 459 (Shepard, C.J., explaining recusal). Where a judge may have personal knowledge of disputed evidentiary facts concerning the proceeding, a reasonable question concerning his impartiality arises. Jud.Canon 3(E)(1)(a).
Judges are by no means free from the infirmities of human nature, and, therefore, it seems to us, that a proper respect for the high positions they are called upon to fill should induce them to avoid even a cause for suspicion of bias or prejudice, in the discharge of their judicial duties.
Joyce v. Whitney (1877), 57 Ind. 550, 554.
Because the trial court conversed with Page outside the presence of the parties, we have no knowledge of their exchange or how it affected the trial judge's decision. Even the later testimony of a witness cannot cure the appearance of impropriety created by the trial judge's earlier initiation of an ex parte communication. Regardless of the witness' later testimony, the public cannot be sure that the court is impartial and not privy to information unavailable to the parties. It is the possibility that the trial judge gained knowledge not available to the parties which creates the appearance of impropriety. The trial court erred in not disqualifying itself and in not granting the Garrards a new trial.
Therefore, we vacate the decision of the trial court and remand for a new trial before a special judge selected pursuant to Ind.Trial Rule 79.
Judgment reversed and remanded.
NAJAM and SHIELDS, JJ., concur.
NOTES
[1] This case was diverted to this office on October 28, 1993, by direction of the Chief Judge.